330

In the Matter of DAVID MAROTT, Petitioner, *v.* GEORGE K. WYMAN, as Commissioner of Social Services, et al., Respondents.

Third Department, July 6, 1972.

*Lawrence F. Klepper (Marilyn Joan Berger* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Lawrence L. Doolittle* and *Ruth Kessler Toch* of counsel), for George. K. Wyman, respondent.

*Marvin Honig, County Attorney (Kenneth Orvis* of counsel), for John Beaudoin, respondent.

HERLIHY, P. J.   This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the respondent Wyman as Commissioner of the New York State Department of Social Services rendered after a fair hearing and which determination denied public assistance to the petitioner.

The Commissioner's determination was filed on October 29, 1971 and affirmed the removal of the petitioner from welfare benefits upon the basis that he was not actively seeking employment.   There is no doubt upon the record but that the petitioner was an able bodied male, quite capable of working and providing for his own needs.   His alleged need for support by the public arose from his own act in deliberately quitting his prior employment "for personal reasons".   It is undis-

puted that he secured employment two months after his removal from the welfare rolls. It appears that in regard to this type of claimant the Federal authorities do not require a fair hearing but that the Legislature made provision for the same as a sense of equality with other types of benefit recipients (Social Services Law, § 166 [L. 1968, ch. 624]; see legis. mem. in N. Y. Legis. Annual, 1968, p. 251 [191st Session]). There is nothing in article 5 which would indicate that a welfare claimant is entitled to receive reimbursement as to benefits denied during any particular period of time.

The Commissioner found that "The appellant in this case has sought employment only in certain limited fields and only on rare occasions. He has specifically made himself unavailable for employment in certain areas by announcing his intention not to accept employment in which he is able to engage because of his personal feelings. Under the circumstances, he cannot be said to come within the category of those unable to help themselves, and the agency therefore properly discontinued assistance."

The same legal principle applies here as in unemployment insurance cases, to wit, that the findings of the Commissioner are factual and within his sole discretion if sustained by substantial evidence, which the present record discloses. (See *Matter of Gladstone [Catherwood]*, 36 A D 2d 204, affd. 30 N Y 2d 576; *Matter of Eastern Greyhound Lines* v. *New York State Division of Human Rights,* 27 N Y 2d 279; *Matter of Monahan [Catherwood]*, 27 A D 2d 781.)

The determination should be confirmed, and petition dismissed.

SWEENEY, KANE and REYNOLDS, JJ., concur; STALEY, JR., J., not voting.

Determination confirmed, and petition dismissed, without costs.